**ORIGINAL**

ZENIA K. GILG, SBN 171922
809 Montgomery Street, 2nd Floor
San Francisco CA 94133
Telephone:  415/394-3800
Facsimile:  415/394-3806

Attorney for Plaintiff
ROBERT FULTON STERNER, M.D.



FILED

JUL 31 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT FULTON STERNER, M.D.,

    Plaintiff,

    v.

SAN DIEGO POLICE DEPARTMENT,
POLICE CHIEF WILLIAM LANSDOWNE,
DETECTIVE KIMBER L. HAMMOND,
DETECTIVE CONRADO DECASTRO,
DETECTIVE SCHUYLER BOYCE,
DETECTIVE MARK CARLSON, SAN DIEGO
DISTRICT ATTORNEY'S OFFICE,
DISTRICT ATTORNEY BONNIE DUMANIS,
DEPUTY DISTRICT ATTORNEY DAMON
MOSLER, AND DOES 1-40,

    Defendants.
_____/

'08 CV 1407 IEG JMA

Case No.

COMPLAINT FOR ACTION FOR
DECLARATORY RELIEF,
INJUNCTIVE RELIEF AND
DAMAGES FOR INFRINGEMENT OF
CONSTITUTIONAL RIGHTS TO THE
UNITED STATES CONSTITUTION
SUFFERED BY PLAINTIFF

**DEMAND FOR JURY TRIAL
PURSUANT TO CivLR 38.1**

    1.   This is an action for declaratory and injunctive

relief, as well as damages for an infringement of Plaintiff's

First and Fifth Amendment rights to the United States

Constitution, as applied to the state through the Fourteenth

Amendment.

    2.   This actions is brought against the San Diego Police

Department, Police Chief William Lansdowne, Detectives Kimber L.

Hammond, Conrado DeCastro, Schuyler Boyce, and Mark Carlson, as well as the San Diego District Attorney's Office, District Attorney Bonnie Dumanis, Deputy District Attorney Damon Mosler, and Does 1-40.  These defendants have been accused by Plaintiff of implementing and enforcing an investigative practice and policy which is designed to, and resulted in, the violation of Plaintiff's constitutional rights as articulated in the case of *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002), *cert. denied Walters v. Conant*, 2003 U.S. LEXIS 7446 (U.S., Oct. 14, 2003). Further, plaintiff asserts that defendants conspired in their effort to violate Plaintiff's constitutional rights as described above, and said conspiracy was motivated by discriminatory animus against physicians who support the medical use of cannabis.

3.    This action is brought by an individual physician engaging in the practice of medicine in San Diego, California. Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages.  Plaintiff seeks redress for being subjected to investigation, accusation, intimidation, censorship and other wrongful acts on the part of the defendants.

**JURISDICTIONAL STATEMENT**

4.    This action arises under Title 42 of the United States Code §§ 1983, 1985(3) and 1986.  Jurisdiction is conferred upon this court by Title 28 of the U.S.C. §§ 1331 and 1343.

**PARTIES**

5.  **Plaintiff**

Robert F. Sterner Jr., M.D., is a resident of the State of California and was present during the events described herein. He is now and, at all times mentioned in this complaint, legally present in California.  Plaintiff is a physician licensed to practice medicine in the State of California, and has been so licensed since 1983.  He graduated from the University of California, Los Angeles, Medical School, and did an internship in general surgery at the University of California, San Diego. He has earned a diploma with the National Board of Medical Examiners, and the American Board of Anti-Aging Medicine.  He also has earned certification in acupuncture from UCLA.  He has been practicing in the fields of primary care, bariatics, and anti-aging for nearly twenty-five years.

6.  **Defendants**

a.    At all times mentioned, Defendant San Diego Police Department was a corporation, duly organized and existing under the laws of the State of California.

b.    At all time mentioned, Defendant William Lansdowne has been the Chief of Police of the San Diego County Police Department, and, in doing the things hereinafter alleged, was acting within the course and scope of such employment and with actual or implied permission, consent, authorization, and approval of co-defendants.

c.    At all times mentioned, Defendant Kimber L. Hammond has been a Detective for the San Diego Police Department, and, in doing the things hereinafter alleged, was

800 MONTGOMERY
2ND FLOOR
SAN FRANCISCO
(415) 394-3800

3

COMPLAINT

1    acting within the course and scope of such employment and with

2    actual or implied permission, consent, authorization, and

3    approval of co-defendants.

4            d.    At all times mentioned, Defendant Conrado DeCastro

5    has been a Detective for the San Diego Police Department, and,

6    in doing the things hereinafter alleged, was acting within the

7    course and scope of such employment and with actual or implied

8    permission, consent, authorization, and approval of co-

9    defendants.

10           e.    At all times mentioned, Defendant Schyler Boyce

11   has been a Detective for the San Diego Police Department, and,

12   in doing the things hereinafter alleged, was acting within the

13   course and scope of such employment and with actual or implied

14   permission, consent, authorization, and approval of co-

15   defendants.

16           f.    At all times mentioned, Defendant Mark Carlson has

17   been a Detective for the San Diego Police Department, and, in

18   doing the things hereinafter alleged, was acting within the

19   course and scope of such employment and with actual or implied

20   permission, consent, authorization, and approval of co-

21   defendants.

22           g.    At all times mentioned, Defendant San Diego

23   District Attorney's Office has been a corporation, duly

24   organized and existing under the laws of the State of

25   California.

26           h.    At all times mentioned, Defendant Bonnie Dumanis

27   has been the District Attorney for the County of San Diego, and,

28   in doing the things hereinafter alleged, was acting within the

course and scope of such employment and with actual or implied

permission, consent, authorization, and approval of co-

defendants.

    i.    At all times mentioned, Defendant Damon Mosler has

been a Deputy District Attorney for the County of San Diego,

and, in doing the things hereinafter alleged, was acting within

the course and scope of such employment and with actual or

implied permission, consent, authorization, and approval of co-

defendants.

    j.    Plaintiff is ignorant of the true names and

capacities of defendants Does 1 through 40, inclusive, and

therefore sue these defendants by such fictitious names.

Plaintiff is informed and believes and thereon alleges that

other members of the above-named state agencies, other

undetermined state agencies, and undetermined federal agencies

were involved in the actionable conduct complained herein whose

identities are unknown to the plaintiff at this time.  With

leave of the Court, Plaintiff will amend his complaint to state

the true names and capacities of defendants Does 1 through 40,

inclusive, as they are identified.

    7.  **Defendants' Capacity for Liability**

    The defendants named in paragraphs 6(b), 6( c), 6(d), 6(e),

6(f), 6(h) and 6(I) are sued in their individual and official

capacities as sworn peace officers of the State of California

for acts committed under color of law.

**FACTUAL BACKGROUND**

    8.    As stated in paragraph 4, Plaintiff Robert F. Sterner,

M.D., is a licensed physician, and has been practicing medicine

1    in the State of California for nearly twenty-five years.  He has

2    at all relevant times operated a medical practice located at

3    1516 W. Redwood Street in San Diego, California.

4       9.    In December of 2005, Federal Agents served search

5    warrants on several medical cannabis cooperatives in the San

6    Diego area.  During the search the agents seized the medical

7    records of the patients who were members of these collectives,

8    the records included the written physician recommendations to

9    use cannabis as medicine.

10      10.   As a result of this federal action, the San Diego

11   Police Department and the San Diego District Attorney's Office

12   initiated an undercover investigation against three San Diego

13   physicians, including Dr. Sterner, based solely upon the fact

14   that these physicians were among those whose names appeared most

15   often on the seized written recommendations.

16      11.   On May 16, 2006, Defendant Hammond, acting in her

17   capacity as a Detective for the San Diego Police Department,

18   called the medical office of Dr. Sterner, requesting an

19   appointment under her undercover identity Kimberly Summers.  She

20   was able to make an appointment for May 26, 2006.

21      12.   On May 19, 2006, Defendants Hammond and Schuyler Boyce

22   went to the office of Dr. Sterner, to verify the date of

23   Defendant Hammond's appointment.  They were provided with paper

24   work which was to be read and filled out prior to the

25   appointment, and informed that the patient would need to provide

26   the physician with records documenting the medical condition for

27   which she was seeking treatment.

28

13.   On May 26, 2006, Defendant Hammond went to the doctor using her undercover identity, Kimberly Summers, complaining of insomnia.  After completing a thorough patient history and physical examination, considering the information provided in the patient forms and by the "patient" herself, and discussing treatment, Dr. Sterner recommended that "Ms. Summers" use cannabis to treat her insomnia as allowed under California law. (Cal. Health and Safety Code sections 11362.5 and 11362.77 et seq.)

14.   Defendants Conrado DeCastro and Mark Carlson, acting in their capacity as Detectives with the San Diego Police Department, first went to Dr. Sterner's office on May 17, 2006. Speaking with a receptionist at the office, Defendant DeCastro, using his undercover identity Raymond Cruz, asked if he could see Dr. Sterner in order to "get a medical marijuana recommendation."  He was advised that he would have to make an appointment, which he made for June 9, 2006.  In addition, he was provided with forms required to be filled out prior to the appointment, and told he would need to have records or prescriptions to verify the medical condition for which he was seeking treatment, (i.e., migraine headaches).

15.   On June 9, 2006, using his undercover identity Raymond Cruz, Defendant DeCastro went to his appointment with Dr. Sterner.  After completing a thorough patient history and physical examination, considering the information provided in the patient forms and by the "patient" himself, and discussing treatment, Dr. Sterner recommended that "Mr. Cruz" use cannabis to treat his migraine headaches as allowed under California law.

(Cal. Health and Safety Code sections 11362.5 and 11362.77 et seq.)

16.    Defendant DeCastro returned to Dr. Sterner's office on June 13, 2006, in order to discuss the cost of the medical visit.

17.    The two surreptitious undercover visits into Plaintiff's medical practice described in paragraphs 11-16 were made at the urging of the District Attorney's Office through Defendant Deputy District Attorney Damon Mosler.

18.    After the above described undercover investigation of Dr. Sterner by the San Diego Police Department, Defendant Damon Mosler, as a Deputy District Attorney with the San Diego District Attorney's Office, forwarded to the Medical Board of California (MBC), copies of the reports prepared by both his office and that of the San Diego Police Department as well as the audio and video recordings of the undercover visits described in paragraphs 11-6.  In a letter to the MBC, Defendant Mosler formally requested that an investigation into the practices of Dr. Sterner be carried out by the MBC.

19.    Based on the two undercover visits described in paragraphs 11-16, an Accusation was filed on July 31, 2007, by the MBC against Dr. Sterner alleging negligence and fraud in his medical practice.  It was after being served with this Accusation that Plaintiff learned of the true identity of patients "Summers" and "Cruz," and first realized that he had been the subject of an investigation by defendants based solely on the fact that he recommended cannabis as medicine.

20.  Plaintiff believes, and asserts herein, that the actions of Defendants Hammond, DeCastro, Boyce, and Carlson took place pursuant to a policy, practice or custom of the San Diego Police Department and Defendant Chief of Police William Lansdowne, to intentionally deprive him of his constitutionally protected First Amendment Rights, and Right to Equal Protection.

21.  Plaintiff believes, and asserts herein, that the actions of Defendant Damon Mosler took place pursuant to a policy, practice or custom of the San Diego District Attorney's Office and District Attorney Bonnie Dumanis, to intentionally deprive him of his constitutionally protected First Amendment Rights, and Right to Equal Protection.

22.  Plaintiff believes that the incidents described in paragraphs 9-21 are part of an investigation involving the San Diego Police Department, and Police Chief William Lansdowne, San Diego District Attorney's Office, and San Diego District Attorney Bonnie Dumanis, and that said defendants have conspired with the intent to deprive Plaintiff of his First Amendment Rights as guaranteed by the Constitution of the United States and as articulated in the case of *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002), which held: "An integral component of the practice of medicine is the communication between doctor and patient.  Physicians must be able to speak frankly and openly to patients."  (*Id.*, at p. 636.)

23.  Plaintiff alleges that the conspiracy described in paragraph 22, and the conduct of defendants described in paragraphs 9-21 was motivated by a discriminatory animus against physicians who support the medical use of cannabis.

24.  Plaintiff asserts that as a result of the conspiracy described in paragraphs 22 and 23 as well as the conduct of defendants described in paragraphs 9-21, the exercise of his right to (1) speak openly and frankly with his patients, and (2) explain the medical benefits of cannabis has been chilled.

25.  Plaintiff asserts that as a result of the conspiracy described in paragraphs 22 and 23, as well as the conduct of defendants described in paragraphs 9-21, his First Amendment rights continue to be violated in that he has become suspicious of his patients, and has been forced to turn away patients he fears may be using false identification provided by law enforcement.  The doctor patient privilege reflects the "imperative need for confidence and trust" inherent in the doctor-patient relationship.  The Supreme Court has recognized that physician speech is entitled to First Amendment protection because of the significance in the doctor-patient relationship." *Planned Parenthood v. Casey*, 505 U.S. 833, 844.

26.  Plaintiff further asserts that he is now defending against an Accusation by the MBC based exclusively on, and as a result of the conduct of defendants described in paragraphs 9-21.

27.  As a result of learning about the incidents described in paragraphs 9-21, Plaintiff's right to explain the medical benefits of marijuana to his patients, and to exercise that right has been chilled by the threat of further investigation and use of false identities to infiltrate his medical practice.

**FIRST CAUSE OF ACTION**

ROBERT FULTON STERNER, M.D.,

v.

SAN DIEGO POLICE DEPARTMENT, POLICE CHIEF WILLIAM LANSDOWNE, DETECTIVE KIMBER L. HAMMOND, DETECTIVE CONRADO DECASTRO, DETECTIVE SCHUYLER BOYCE, DETECTIVE MARK CARLSON, SAN DIEGO DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY BONNIE DUMANIS, DEPUTY DISTRICT ATTORNEY DAMON MOSLER, AND DOES 1-40,

> (First and Fourteenth Amendment to the United
> States Constitution, and 42 U.S.C. section
> 1983, and *Bivens v. Six Unknown Named Agents
> of the FBN*.)

28.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-27 of this complaint.

29.  Defendants' above-described conduct violated Plaintiff's right to freedom of speech under the First Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment.  These violations are compensable pursuant to 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of the FBN,* 403 U.S. 388 (1971).

30.  As a proximate result of defendants' conduct, Plaintiff suffered severe damages as set forth herein.

31.  The free speech rights affected are fundamental rights guaranteed by the first amendment.  (*Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002), *cert. den.* by *Walters v. Conant*, 2003 U.S. LEXIS 7446.)

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION

ROBERT FULTON STERNER, M.D.,

v.

SAN DIEGO POLICE DEPARTMENT, POLICE CHIEF WILLIAM LANSDOWNE, DETECTIVE KIMBER L. HAMMOND, DETECTIVE CONRADO DECASTRO, DETECTIVE SCHUYLER BOYCE, DETECTIVE MARK CARLSON, SAN DIEGO DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY BONNIE DUMANIS, DEPUTY DISTRICT ATTORNEY DAMON MOSLER, AND DOES 1-40,

> (Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. section 1985(3))

32.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-27 of this complaint.

33.  Defendants violated the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1985(3) in that they conspired to initiate and enforce a policy and take action as described in paragraphs 9-21, designed to deprive Plaintiff of due process and equal protection of the laws and of equal privileges and immunities under the laws, specifically Plaintiff's civil rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution, and said conspiracy was motivated my a discriminatory animus against physicians who support the medical use of cannabis.

34.  As a proximate result of defendants' conduct, Plaintiff suffered severe damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## THIRD CAUSE OF ACTION

ROBERT FULTON STERNER, M.D.,

v.

SAN DIEGO POLICE DEPARTMENT, POLICE CHIEF WILLIAM LANSDOWNE, DETECTIVE KIMBER L. HAMMOND, DETECTIVE CONRADO DECASTRO, DETECTIVE SCHUYLER BOYCE, DETECTIVE MARK CARLSON, SAN DIEGO DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY BONNIE DUMANIS, DEPUTY DISTRICT ATTORNEY DAMON MOSLER, AND DOES 1-40,

> (First, Fifth and Fourteenth Amendments to the
> United States Constitution, 42 U.S.C. section
> 1986)

35.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-27 of this complaint.

36.  Defendants violated the First, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1986 in that they failed to prevent the objectives of the conspiracy alleged in paragraph 29 (42 U.S.C. section 1985(3)), to deprive Plaintiff of due process and equal protection of the laws and of equal privileges and immunities under the laws, specifically Plaintiff's civil rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution, although defendants have notice and knowledge of the conspiracy and power to prevent its objectives.

37.  As a proximate result of defendants' conduct, Plaintiff suffered severe damages as set forth herein.

WHEREFORE, Plaintiff prays relief as set forth herein.

**FOURTH CAUSE OF ACTION**

ROBERT FULTON STERNER, M.D.,

v.

SAN DIEGO POLICE DEPARTMENT, POLICE CHIEF WILLIAM LANSDOWNE, DETECTIVE KIMBER L. HAMMOND, DETECTIVE CONRADO DECASTRO, DETECTIVE SCHYLER BOYCE, DETECTIVE MARK CARLSON, SAN DIEGO DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY BONNIE DUMANIS, DEPUTY DISTRICT ATTORNEY DAMON MOSLER, AND DOES 1-40,

(First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. section 1986)

**Injunctive and Declaratory Judgment**

38.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-27 of this complaint.

39.   For all the above mentioned reasons, there exists an actual, substantial and immediate controversy within the court's jurisdiction, which controversy is the result of defendants' conduct and which can be redressed by a judicial decision in favor of Plaintiff.  Thus, the court may properly declare the constitutional and civil rights of Plaintiff in respect of this action.

WHEREFORE, Plaintiff prays for injunctive and declaratory relief as set forth herein.

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.    A permanent injunction enjoining defendants and their agencies, officers, employees, agents and all persons acting in concert with them from soliciting the professional services of

Plaintiff through fraud, deception and falsities.

2.    An award of monetary damages to Plaintiff for those compensable injuries suffered by Plaintiff as a result of defendants' actions.

3.    An award of monetary damages to Plaintiff for injuries suffered by Plaintiff as a result of defendants' violation of Plaintiff's constitutional and civil rights including general and specific damages according to proof.

4.    For punitive and exemplary damages against defendants, according to proof, and as authorized by law.

5.    Costs of the suit.

6.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

7.    For such other further relief as the court may deem just.

Dated: July 30, 2008

Respectfully submitted,

ZENIA K. GILG
Attorney for Plaintiff
ROBERT FULTON STERNER, M.D.

809 MONTGOMERY
2ND FLOOR
SAN FRANCISCO
(415) 394-3800

15                                    COMPLAINT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert Fulton Sterner, M.D.

**DEFENDANTS**

San Diego Police Department ("SDPD"), SDPD Chief William Lansdowne, SDPD Detective Kimber L. Hammond, SDPD Detective Control, SDPD Detective Mark Carlson, San Diego District Attorney Bonnie Dumanis, SDDA Deputy District Attorney Damon Mosler, and Does 1-40

**FILED**

JUL 31 2008

(b) County of Residence of First Listed Plaintiff   **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY                                        DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Zenia K. Gilg, 809 Montgomery Street, 2nd FL, San Francisco CA 94133, Telephone 415/394-3800

Attorneys (If Known)

**08 CV 1407 IEG JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

|                                      | PTF | DEF |                                                        | PTF | DEF |
|--------------------------------------|-----|-----|--------------------------------------------------------|-----|-----|
| Citizen of This State                | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State             | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                     | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):  42 USC §§ 1983, 1985(3), 1986

Brief description of cause:  Violation of Plaintiff's First Amendment Rights and Conant v. Walters 309 F.3d 629 (9th Cir. 2002)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  to be determined

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                          DOCKET NUMBER

DATE
07/31/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  153606   AMOUNT  $350   APPLYING IFP                  JUDGE                  MAG. JUDGE

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# #  153606     —  TC

# August 04. 2008
# 10:43:57

# Civ Fil Non—Pris

USAO #.: 08CV1407
Judge..: IRMA E GONZALEZ
Amount.:              $350.00 CK
Check#.: BC2853

# Total—>  $350.00

FROM: ROBERT FULTON
      VS
      SAN DIEGO POLICE DEPT.