# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FULTON STERNER, M.D., <br><br> Plaintiff, <br> vs. <br><br> SAN DIEGO POLICE DEPARTMENT; POLICE CHIEF WILLIAM LANDSDOWN; DETECTIVE KIMBER L. HAMMOND; DETECTIVE CONRADO DECASTRO; DETECTIVE SCHUYLER BOYCE; DETECTIVE MARK CARLSON; SAN DIEGO DISTRICT ATTORNEY'S OFFICE; DISTRICT ATTORNEY BO DUMANIS; DEPUTY DISTRICT ATTORNEY ATTO MOSLER; DOES 1-40, <br><br> Defendant. | CASE NO. 08cv1407 - IEG - JMA <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 28) |

Defendants move the Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The present case involves an undercover investigation of plaintiff's medical practice related to his recommendations of medical marijuana to patients.[1] Plaintiff opposed and defendants filed a reply.

## BACKGROUND

**A.   Factual Background**

Plaintiff has practiced as a licensed physician in California for nearly twenty-five years. Defendants are the San Diego Police Department, various detectives of the S.D.P.D., the Office of the San Diego District Attorney, District Attorney Dumanis, and Deputy District Attorney Mosler.

---

[1] In California, physicians "recommend" medical marijuana instead of prescribing it.

In 2005, plaintiff alleges agents searched several medical cannabis cooperatives in the San Diego area. During the search, agents allegedly seized medical records of patient-members of the cooperatives, including written physician recommendations to medicinally use cannabis. Plaintiff alleges defendants initiated an undercover investigation based solely on the frequency plaintiff's name appeared among the seized recommendations.

Detectives from the San Diego Police Department initiated an undercover investigation of plaintiff. Detectives posed as patients, visited plaintiff's office, and sought recommendations to use marijuana for medical purposes. Detectives videotaped and audio-taped these visits.

Defendant Mosler forwarded the result of this undercover investigation – including the audio and videotapes – to the Medical Board of California ("MBC") to investigate whether plaintiff had violated the California Medical Practices Act. The MBC conducted an independent investigation and filed an "Accusation" charging plaintiff with negligence and engaging in fraud. According to defendants, the MBC proceeding is ongoing.

**B.     Procedural Background**

On July 31, 2008, Plaintiff filed a complaint alleging defendants (1) violated his First Amendment rights; (2) violated due process and equal protection by conspiring to violate his rights ("§ 1985 claim"); and (3) failed to prevent the objectives of this alleged conspiracy ("§ 1986 claim"). He seeks damages, an injunction, and declaratory relief.

Defendants San Diego District Attorney's Office, District Attorney Dumanis, and Deputy District Attorney Mosler filed an answer on September 30, 2008. Defendants San Diego Police Department, Police Chief Landsown, Detective Hammond, Detective Decastro, Detective Boye, and Detective Carlson filed an answer on November 18, 2008.

On November 17, 2008, the District Attorney Office, Dumanis, and Mosler filed a motion for judgment on the pleadings and/or requesting a stay of proceedings until after MBC has completed its investigation. Defendants request the Court take judicial notice of the MBC Accusation. The remaining defendants filed a notice of joinder to the motion on November 24, 2008.

//
//

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved. Fed.R.Civ.P. 12(c); Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir.1990).

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving parties are entitled to judgment as a matter of law." Smith v. National Steel & Shipbuilding Co., 125 F.3d 751, 753 (9th Cir.1997); George v. Pacific-CSC Work Furlough, 91 F.3d 1227, 1229 (9th Cir.1996) (citing Yanez v. United States, 63 F.3d 870, 872 (9th Cir.1995)).

**DISCUSSION**

**A.     The First Amendment Claim**

Plaintiff alleges defendants initiated the investigation to retaliate against his advocacy of medical marijuana, a right he claims is protected by Conant v. Walters, 309 F.3d 629 (9th Cir. 2002). This claim incorporates both a claim of retaliatory investigation and a claim of retaliatory prosecution.

Defendants raise three issues with regard to the first amendment claims: (1) whether a retaliatory investigation can be the basis of a First Amendment claim; (2) whether defendant must allege a lack of probable cause to support a claim of retaliatory prosecution; and (3) whether defendants Mosler and Dumanis are entitled to qualified immunity. Before reaching these issues, the Court must discuss Conant.

     **a.     *Conant v. Walters***

In Conant, the Ninth circuit upheld an injunction prohibiting the *federal* government from either revoking a physician's prescription license or conducting an investigation of a physician based solely on the physician's recommendation of medical marijuana. 309 F.3d at 636. In that case, a class of patients and physicians sought to enjoin enforcement of a federal policy to revoke prescription licenses of physicians who recommended marijuana to patients. Id. at 633. Conant upheld the injunction because a physician's candid discussion of the cost-benefit of medical marijuana with his patient is speech protected by the First Amendment. Id. at 636. The court found "punishing

physicians for recommending medical marijuana was both content and viewpoint discrimination." Denny v. Drug Enforcement Admin., 508 F. Supp. 2d 815 (E.D. Cal. 2007) (discussing Conant). The court weighed the impact of the injunction on the government's ability to investigate criminal conduct, but found the injunction did not limit investigations when the government had a good faith belief it had substantial evidence of criminal conduct. Id.

### b. Retaliatory Investigation

i. Parties' Arguments

Defendants argue plaintiff cannot base his claim upon the investigation alone. Defendants cite two cases that found it unclear whether an investigation can violate a constitutional right: Hartman v. Moore, 547 U.S. 250, 262 n. 8 (2006); Seven Star, Inc. v. Elluz Corp., 933 F.2d 791, 793 n.2 (9th Cir. 1991). Defendants then contend plaintiff does not allege he incurred any expenses because of the investigation and did not suffer "adverse consequences." Finally, defendants contend plaintiff cannot allege a chilling effect because a reasonable doctor, who is not breaking the law, would not be chilled.

Plaintiff argues a retaliatory investigation violates the First Amendment, citing Conant. According to plaintiff, Conant only allows investigations premised on "good cause" to believe "substantial evidence" exists. Plaintiff also cites United States v. Mayer, 503 F.3d 740 (9th Cir. 2007); United States v. Steele, 461 F.2d 1148 (9th Cir. 1972); and Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Plaintiff disputes defendants' claim there were no "adverse consequences" of the investigation, arguing his freedom of speech has been chilled.

ii. Analysis

A plaintiff must show three elements to sustain a First Amendment retaliation claim: "(1) defendants possessed an impermissible motive to interfere with his First Amendment rights, (2) defendants' conduct would have chilled a physician of ordinary firmness from future First Amendment activities, and (3) the defendants would not have engaged in the conduct in question but for the retaliatory motive." Denny v. Drug Enforcement Admin., 2008 WL 1808289 at *5 (E.D. Cal. April 22, 2008) (citing Hartman, 547 U.S. at 258-60). First, plaintiff has alleged defendants possessed an impermissible motive to interfere with his recommendation of marijuana to his patients, a right recognized by Conant. Second, defendants' allegedly retaliatory undercover investigation would chill

1  a physician of ordinary firmness from engaging in the recommendations of the drug in the future.
2  "Physicians are particularly easily deterred by the threat of governmental investigation" due to the
3  "disparity of benefits and burdens." <u>Conant</u>, 309 F.3d at 640 (Kozinski, J. concurring). Specifically,
4  the court reasoned the benefit of recommending marijuana is significantly outweighed by the threat
5  of continued undercover investigations. <u>Id.</u>  In the instant case, surreptitious and retaliatory police
6  investigations would chill the speech of even the most law-abiding physician of ordinary firmness.
7  Third, plaintiff has sufficiently alleged the impermissible motive caused the conduct.

8  In <u>Gibson</u>, the court found the plaintiffs sufficiently pled a §1983 claim when they alleged
9  members of the LAPD engaged in frequent low-altitude helicopter flights over their residence in order
10 to inhibit political activities. 781 F.2d at 1338. The court reasoned the plaintiffs properly alleged
11 discrete acts of surveillance and intimidation directed solely at silencing them. <u>Id.</u>

12 Further, defendants' position would give the police a license to retaliate through investigative
13 procedures. Without evoking a parade of horribles, it takes little imagination to envision police abuse
14 of investigative procedures to affirmatively chill speech. Defendants' request for dismissal due to a
15 lack of actual damages is spurious. The Supreme Court held a court may award nominal damages in
16 §1983 cases even if plaintiff fails to prove actual, economic injury. <u>Carey v. Piphus</u>, 435 U.S. 247
17 (1978). For the foregoing reasons, the Court finds an investigation may constitute a First Amendment
18 violation, therefore, defendants' motion is DENIED as to the retaliatory investigation claim.

19 **c.     Retaliatory Prosecution**

20 <u>i.</u>     Parties' Arguments

21 Defendants argue, to the extent plaintiff bases his claim on a theory of retaliatory prosecution,
22 he must allege MBC lacked probable cause to file the Accusation in order to show the connection
23 between defendants' alleged animus and the MBC's action. <u>Hartman</u>, 547 U.S. at 262. Defendants
24 note Judge Houston recently applied <u>Hartman</u> to an MBC enforcement action based upon DEA
25 information. <u>Sterner v. DEA</u>, 05-CV-0196-JAH (POR) (S.D. Cal. June 1, 2007). Further, defendants
26 argue plaintiff failed to implicitly allege probable cause because there is no basis for comparing the
27 facts alleged to the Accusation filed by MBC.

28 Plaintiff argues <u>Hartman</u> is distinguishable and inapplicable because the instant case involves

1  a retaliatory investigation *and* a retaliatory prosecution.  Plaintiff argues that applying the Hartman
2  pleading requirement would encourage the government to violate injunctions in the future.
3        Alternatively, plaintiff argues he sufficiently pled a lack of probable cause by alleging he has
4  legally practiced medicine in California for nearly twenty-five years, required patients "provide . . .
5  records documenting the medical condition," and "completed a thorough patient history and physical
6  examination."  (Compl. ¶¶ 3, 12, 14.)  Alternatively, plaintiff requests leave to amend.
7  ii.    Analysis
8        The Hartman court distinguished the pleading requirements for an ordinary retaliation claim
9  from the requirements in a retaliatory prosecution claim.  547 U.S. 250.  In ordinary retaliation cases,
10  a "plaintiff must show a causal connection between a defendant's retaliatory animus and subsequent
11  injury." Id. at 259.  However, in retaliatory prosecution cases, a plaintiff must demonstrate a causal
12  connection "between the retaliatory animus of one person and the action of another."  Id. at 262.  To
13  meet this burden, plaintiff must allege a lack of probable cause to initiate the prosecution.  Hartman
14  applies in the administrative context.  Sterner, 05-CV-0196-JAH (POR) (S.D. Cal. June 1, 2007).
15        Plaintiff has not sufficiently pleaded a lack of probable cause.  Under California law, probable
16  cause is "a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in
17  the belief that the charge is true."  Lee v. Levison, 173 Cal. 166, 169 (1916).  Plaintiff never explicitly
18  or implicitly states the MBC lacked probable cause to file the accusation.  Accordingly, the retaliatory
19  prosecution claim is DISMISSED WITHOUT PREJUDICE.

20        **d.    Qualified Immunity of Mosler and Dumanis**
21  i.    Parties' Arguments
22        Defendants Deputy District Attorney Damon Mosler and District Attorney Bonnie Dumanis
23  argue they are entitled to qualified immunity.  Defendants apply a two-part test: (1) whether the
24  official violated a constitutional right and (2) whether the right was clearly established such that a
25  reasonable official would have known he was engaging in unlawful conduct.  First, defendants
26  reiterate the investigation alone did not violate any constitutional rights.  Second, defendants argue
27  the right is not clearly established, citing Hartman, 547 U.S. at 262, n. 8; Seven Star, Inc. v. Elluz
28  Corp., 933 F.2d 791, 793 n.2 (9th Cir. 1991).

1 Plaintiff argues given the specificity and detail provided by the Conant court, defendants
2 Mosler and Dumanis should have understood they were violating the law.

3 ii.     Analysis

4 Qualified immunity shields government officials performing discretionary functions from
5 liability for civil damages unless their conduct violates clearly established statutory or constitutional
6 rights. Anderson v. Creighton, 483 U.S. 635, 640 (1987). First, the Court must determine whether,
7 under the facts alleged, the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S.
8 194, 2000 (2001). Second, the court must inquire whether the right was clearly established. Id. This
9 second inquiry consists of determining whether a reasonable official would understand he is violating
10 a specific right. Id.

11 As set forth above, plaintiff has stated a claim for the violation of a constitutional right.
12 Further, although Conant involved a federal agency only, the court prohibited all investigation of
13 doctors based solely on their recommendation of medical marijuana to their patients. Plaintiff alleges
14 defendants based this investigation solely on the frequency with which plaintiff recommended
15 marijuana. Mosler and Dumanis should have been aware of Conant and should have known they were
16 allegedly violating a constitutional right. Therefore, they are not entitled to qualified immunity.

17 **2.     The § 1985(3) claim and §1986 claim**

18 i.     Parties' Arguments

19 Defendants argue the § 1985 claim fails as a matter of law because plaintiff fails to show
20 doctors who recommend marijuana to their patients are a suspect or quasi-suspect class, a prerequisite
21 for § 1985 protection. Defendants cite Denny, 508 F. Supp. at 837, in which a court found physicians
22 who recommend marijuana to patients are not a suspect class. Defendants also note a § 1986 claim
23 must be based on a valid §1985 claim.

24 Plaintiff alleges the defendants conspired to violate his rights, "motivated [b]y a discriminatory
25 animus against physicians who support the medical use of cannabis." (Compl. ¶ 33.) Plaintiff argues
26 the Conant injunction acts as a governmental determination that physicians who support the medical
27 use of cannabis warrant special federal protection.

28 ii.     Analysis

1    To sustain a §1985(3) claim, plaintiff must demonstrate "racial or perhaps otherwise class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The Ninth Circuit extends this protection "beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." Schultz v. Sunberg, 759 F.2d 714, 718 (9th Cir. 1985). A "governmental determination" has occurred only if courts "designated the class in question a suspect or quasi-suspect [class]" or Congress "indicated . . . the class required special protection." Id.

The Conant court did not designate doctors recommending marijuana a suspect or quasi-suspect class. Similarly, Congress has never indicated the doctors in question require special protection. Instead, Congress has passed legislation making it illegal to use, possess, transport, or cultivate marijuana for any purpose. 21 U.S.C. §§ 841(a), 844. Without a "governmental determination," plaintiff cannot make out an essential element of a § 1985(3) claim. Accord, Denny, 508 F. Supp. 2d at 837. A § 1986 claim cannot survive without a valid §1985 claim. The Court GRANTS defendants' motion for judgment on the pleadings for both the § 1985 and §1986 claims.

**3.     Injunctive and Declaratory Relief**

i.      Parties' Argument

Defendants argue injunctive relief is not a separate cause of action and is only available after a plaintiff can make a showing some independent legal right has been infringed. Defendants then argue declaratory relief is not available to determine whether defendants' past conduct was legal, especially when plaintiff seeks damages for the same past conduct.

Plaintiff argues he is entitled to an equitable remedy because the violation of his rights is on-going and cannot adequately be redressed through other forms of relief. Plaintiff argues defendants chilled his speech, making him fearful of explaining the medical benefits of marijuana to patients.

ii.     Analysis

To obtain injunctive relief, a plaintiff must demonstrate: (1) irreparable injury; (2) remedies at law, such as monetary damages, are inadequate; (3) the balance of hardships weighs in favor of an injunction; and (4) "the public interest would not be disserved by an injunction." eBay, Inc. v. MercExchange, LLC, 547 U.S. 388 (2006). The doctor's emotional distress caused by the

1  investigation, and fear of exercising his freedom of speech, is irreparable.  Monetary damages may
2  be inadequate because they cannot reassure Plaintiff that similar investigative tactics will not be used
3  in the future.  In a similar case, the Conant court already balanced the hardships and public interest
4  in upholding an injunction.   The existence of an "another adequate remedy does not preclude a
5  judgment for declaratory relief in cases where it is appropriate." Fed. R. Civ. P. 57.

6  Generally, declaratory relief is inappropriate where the alleged constitutional injury has
7  already occurred.  Saum v. Widnall, 912 F. Supp. 1384 (D. Colo. 1996).  Plaintiff may allege
8  continuing or current adverse effects from the past enforcement or an immediate threat of repeated
9  injury from subsequent enforcement.  City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983).  Here,
10 plaintiff has alleged a continuing effect from the past enforcement, the chilling of his first amendment
11 rights.  He fears future enforcement and has allegedly curbed his speech.  At the pleading stage, this
12 is sufficient.

13 **4.     Damages**

14 i.     Parties' Arguments

15 Defendants argue plaintiff failed to allege he lost income by turning away patients.  According
16 to defendants, no reasonable physician would turn away patients if he was not violating the law or
17 ethical standards for physicians. Defendants also claim plaintiff does not allege any damages incurred
18 defending against the MBC Accusation.

19 Plaintiff requests "an award of monetary damages . . . for injuries suffered by Plaintiff as a
20 result of defendants' violation of Plaintiff's constitutional and civil rights including general and
21 specific damages according to proof."  (Compl., Prayer for Relief ¶ 3.)  Plaintiff argues chilling the
22 exercise of speech can cause both economic and non-economic harms.

23 ii.    Analysis

24 As previously noted, a plaintiff need not show actual, economic damages in a §1983 action.
25 Carey v. Piphus, 435 U.S. 247.  Further, plaintiff need not specify the precise amount of damages
26 claimed.  It is enough he claims monetary damages from the injuries.  Again, the precise amount of
27 damages is a question for later proceedings.

28 Finally, defendants argument asserting plaintiff had no reason to turn away patients if he was

1  obeying the law flies in the face of First and Fourth Amendment case law and is completely irrelevant
2  to the issue of damages. Citizens can be damaged by retaliatory investigations, regardless of whether
3  or not they "have something to hide."

**B.     Requested Judicial Notice**

Rule 201 of the Federal Rules of Evidence allows the Court to take judicial notice of matters that are "capable of accurate and ready determination by resort to sources whose accuracy can not reasonably be questioned." Per defendants' request, the Court takes judicial notice of Judge Houston's order in <u>Sterner v. DEA</u> and the MBC Accusation because it is easily verifiable on the MBC website.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES WITH PREJUDICE plaintiff's §1985 claim and §1986 claim because amendment would be futile. The Court DISMISSES WITHOUT PREJUDICE plaintiff's claim based upon a retaliatory prosecution. At oral argument, counsel indicated the MBC proceedings are going forward on January 26, 2009. In order to give plaintiff time to evaluate the outcome of these proceedings, the Court GRANTS LEAVE TO AMEND within 90 days of this order to cure the deficiencies stated herein.

**IT IS SO ORDERED.**

**DATED: January 21, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**